FILED
2016 APR 11 PM 3 22
U.S. DISTRICT COURT
NEW HAVEN, CT.

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Maurice W. Smith, Pro se : | Case No. 3:16CV574-VLB |
| Representing Freddy Fixer, Inc. : | |
| Plaintiff : | |
| : | |
| V. : | |
| : | |
| Elm City Freddy Fixer Parade Et al : | |
| City of New Haven, Et al : | |
| (Jackie James, Jason Bartlett, : | |
| Jennifer Pugh,) Et al, : | |
| Defendant(s) : | |

April 11, 2016

### Complaint For Injunction

The Pro se Plaintiff, Maurice W. Smith, President of Freddy Fixer, Incorporated, d/b/a Freddie Fixer Parade, an Organization created pursuant to the Non-Stock Corporation Act under the State of Connecticut (Rev. 2005, Chapter 602,) hereby submits this Complaint for Injunction to the United States District Court, District of Connecticut, Judicial District of New Haven, at New Haven, Connecticut.

### STATEMENT OF CASE

In this case, the annual Freddie Fixer Parade operating under Freddy Fixer, Inc. has been held in the City of New Haven, Connecticut, for the past 54 years. The parade was established to promote neighborhood cleanups and encourage the residents of the Dixwell-Newhallville neighborhoods to "Take Pride" in fixing up their homes. This also included assisting the elderly residents who could not

1

make repairs on their own to their homes as well. The Freddie Fixer Parade operating under Freddy Fixer Incorporated, has continued this tradition for fifty-four (54) years with many different Officers and Board Members leaving the ranks and file leading up to the current administration in 2009. Since then, the current President, Maurice W. Smith, has organized, planned and met with officials of the City of New Haven Connecticut since that time before securing the Special Event License (Permit) in order to continue to hold the annual event without fail.

## A. Parties

The **Pro se Plaintiff,** Maurice W. Smith, President of the Freddie Fixer Parade, acting under Freddy Fixer, Inc., resides at 37 Blake Street, New Haven, CT., and has held the title of President since 2009. In addition, the President, Maurice W. Smith has secured the **Special Event License** from the **City of New Haven** in order to continue to hold the annual Freddie Fixer Parade. Prior to becoming President of the annual parade in 2009, Mr. Smith has submitted the proper paperwork as requested and required by the City of New Haven Permit Department while serving as Secretary of Freddy Fixer, Inc., since 1999.

That the **Defendant(s)** "Elm City" Freddy Fixer Parade (Et al) is headquartered at 716 Dixwell Avenue, New Haven, Connecticut. That the City of New Haven is located at 165 Church Street, New Haven, Connecticut, 06510. Prior to the "Elm City" Freddy Fixer Parade President, Dexter Jones informing the **Deputy Chief Administrative Officer, Jennifer Pugh** (CAO of The City of New Haven, Connecticut,) on **Wednesday, March 30, 2016 at the scheduled meeting** that the address to which the bill for police overtime should be sent, the

2

Defendants have utilized a public location (Stetson Library In New Haven, Connecticut) on several occasions to hold public meetings to advance the agenda of the "Elm City" Freddy Fixer Parade group, and have posted social media announcements of those meetings respectively. (Sic)

### B. Jusidiction

The Jurisdiction **of this court is invoked pursuant to** Connecticut General Statute Section 46a-100, 28 U.S.C.A. Section(s) 1343(3)(1948) and 28 U.S.C.A. Section(s) 1331 (1948.)

### C. Nature of The Case

(1) On or about **February 4, 2016,** the current President of the Freddie Fixer Parade, acting under Freddy Fixer, Inc., Maurice W. Smith, received a confirmation email from **Jennifer Pugh, Deputy Chief Administrative Officer for the City of New Haven, Connecticut** confirming that a logistics meeting for the **2016 Freddie Fixer Parade** was to be held on **Wednesday, March 30, 2016 at 2PM, in Meeting Room One (1) on the second floor of City Hall.** This meeting was scheduled as has previous meetings in years past to discuss the details of the anticipated parade events for 2016 with the legitimate Freddie Fixer Parade Organization acting under Freddy Fixer, Inc. This has been the past practice for the last seven years and that the current President of the Freddie Fixer Parade acting under Freddy Fixer, Inc., Maurice W. Smith, has secured copies of the Special Event Licenses (Permit) for the past seven years to confirm that he has held those events without any objection from the City of New Haven, regardless of the ability of the Freddie Fixer Parade, acting under Freddy Fixer, Inc., to pay any portion of the police overtime bill, as is the reason for this complaint being filed.

3

(2) A meeting was held on **Wednesday, March 2, 2016** at East Rock lodge No. 141, 87 Webster Street in New Haven, Connecticut, by the Defendants to which a President (Defendant, Dexter Jones, President,) Vice-President, Howard Boyd, (Vice President,) Secretary and Treasurer was voted into the "Elm City" Freddy Fixer Parade group, without the current President of the legitimate Freddie Fixer Parade, acting under Freddy Fixer, Inc., being in attendance. Some of the persons who participated in this election were previous volunteers with the original Freddie Fixer Parade organization, operating under Freddy Fixer, Inc., and did not have the authority to vote on the removal, addition, or recommendation of any new Officers or Board members without the President of the Freddie Fixer Parade, acting under Freddy Fixer, Inc., presiding over such meeting according to the rules of its BY-LAWS.

## C. Facts

That the "Elm City" Freddy Fixer Parade has blatantly infringed upon the trademark of the Freddie Fixer Parade, Inc., acting under Freddy Fixer, Inc., by utilizing its name or a paraphrase of its name and creating a logo similar to that of the original Freddie Fixer Parade Organization without authorization and permission. (*The Trademark Act of 1946 – Lanham Act –See 15 USC Sec. 1114- Registered Trademarks And Trade Dress;15 U.S.C. Sec. 1125-Unregistered Trademarks And Trade Dress, Sec. 1125 (a)(1)(b) False Advertising; Sec.1125 (c)(Dilution);Section 1125 (d)Cyber-Squatting.*)

Once a Plaintiff establishes liability for one or more of these causes of action, *Sec. 1117(a)* this allows a plaintiff to cover actual damages, defendants' profits, and the costs of bringing the action. (15 U.S.C. Sec. 1117 (a) (2006.)

That the Plaintiff will provide evidence to show that due to the postings on social media by the "Elm City" Freddy Fixer Parade group that there was widespread "confusion" as to who the original and legal organizers of the Freddie Fixer Parade were. This includes, but is not limited to the posting of fliers by the "Elm City" Freddy Fixer Parade group on social media, primarily Facebook, that they were in fact granted the **Special Event License** from the Building Permit Department of the City of New Haven, Connecticut, and that this infringement confirms the basis for this complaint. (*Anne Gilson LaLonde, Gilson On Trademarks Section 7.02 2011.*)

That the Plaintiff alleges that these plans were premeditated and orchestrated by Defendant(s) Jackie James, Jason Bartlett and Brian McGraft, all appointed officials of the City of New Haven for at least several years. That prior to the "Elm City" Freddy Fixer Parade group being created, the group had no prior parade history with the City of New Haven, other than by being encouraged to do so by establishing themselves with the assistance of appointed members of the previous and current administration of the office of the Mayor of the City of New Haven, and other public officials.  (Sic)

That the election held on **Wednesday, March 2, 2016,** at the East Rock Lodge No. 141 in New Haven, Connecticut, by the members of the "Elm City" Freddy Fixer Parade should be deemed "Null and Void," as the election, vote criteria and protocol to which the legally established Freddie Fixer Parade Organization's name that had been put in place was not held in lawful accordance, and that in addition, the name "Freddy Fixer" was voted on in total disregard of the protections of the Federal Trademark infringement laws.

This includes, but is not limited to the fact that the President of the legal Freddie Fixer Parade was not in attendance and that the persons participating in such election did not have the authority to carry out such votes do so. (Sic)

That despite letters going out to the former volunteers of the Freddie Fixer Parade (Howard Boyd, Nina Silva, Cheryl Holloway-Lytell) informing them that their actions were illegitimate and unauthorized, those former volunteers continued to post advertisements on social media about their planned meetings, events, fundraisers, and all other business about the new "Elm City" Freddy Fixer Parade.

That in addition to the "Elm City" Freddy Fixer Parade group utilizing the name "Freddy Fixer," they have also advertised the same dates, times and locations of the original annual Freddie Fixer Parade schedule of events, (Including fundraisers) that were previously scheduled one year in advance by the legal and only original Freddie Fixer Parade organization, operating under Freddie Fixer, Inc. (Sic)

That as of the date of this complaint, the "Elm City" Freddy Fixer Parade has not obtained a non-profit status and has not filed the necessary paperwork with the Connecticut Secretary of the State's Office for consideration of their organization. It has also been revealed that the "Elm City" Freddy Fixer Parade has not obtained a tax-exempt status under Code 501 (c) 3 of the Internal Revenue Service, as well as securing an EIN Number. That the "Elm City" Freddy Fixer Parade group does not have a bank account to which any funds raised and collected should be accounted for. That Defendant, Jason Bartlett (City Youth Coordinator) conspired to take over the planned events on the same dates, times and locations as has the legitimate Freddie Fixer Parade, which was secured using buildings owned by the

City of New Haven and the Board of Education, at the Mayor of the City of New Haven, Mayor Toni. N. Harp's orders. That this infringement was not only premeditated (Mens Rea,) but was well planned and involved multiple former and current City of New Haven officials. (Sic)

That minutes from a meeting held on about **March 13, 2016,** has revealed that despite the denials to several local newspaper reporters, Defendant, Jason Bartlett's involvement with the "Elm City" Freddy Fixer Parade Executive Board Meeting and planning, confirmed the he (Jason Bartlett) has in fact conspired with persons who are associated with the "Elm City" Freddy Fixer Parade along with other officials of the City of New Haven; (Jason Bartlett, Jackie James, Jennifer Pugh, Brian McGraft, Helen Powell, Dexter Jones and Howard Boyd) and that they did plan to remove or replace the current President of the Freddie Fixer Parade, operating under Freddy Fixer, Inc., as this complaint alleges.

What's more, is that the annual Drill Competition, one of several major fundraisers of the Freddie Fixer Parade for the last fifteen (15) years has been confirmed to take place at the Floyd Little Athletic Center (Formerly the Citi-Wide Fieldhouse) as the minutes indicate. Those arrangements according to those minutes were made by Jason Bartlett (City Representative, Youth Coordinator) and Jackie James (Small Business Coordinator) all appointed by the Mayor of the City of New Haven (Sic,)

That a meeting held with the President of the Freddie Fixer Parade under Freddy Fixer, Inc., with New Haven Mayor Toni N. Harp on **January 8, 2016,** resulted in her request for the organization to increase its Board Members to a total of fifteen (15) in order to "Increase" the potential to bring in more funding to help offset the cost of police overtime for the annual Freddie Fixer Parade.

It was also recommended at that meeting that Jason Bartlett (City Representative) was to "Secure" the Floyd Little Athletic Center for the Annual Freddie Fixer Parade Drill Competition, in order for the Freddie Fixer Parade Organization to raise the needed funds to help offset some of the expense of the police overtime, as has been the case for the last seven years by agreement.

### D. Cause For Action

**Wherefore,** the Plaintiff alleges that the Defendants, "Elm City" Freddy Fixer Parade, the City of New Haven, Mayor Toni N. Harp, Jason Bartlett, Jacqueline James, and several other appointed officials of the City of New Haven, whether from the current administration (Toni N. Harp,) or the previous administration (John DeStefano,) has knowingly and willingly infringed on an established trademark under Freddy Fixer, Inc., and that the infringement had been planned and premeditated by the Defendants as alleged by the Plaintiff. That the Defendants based their establishment of this illegitimate group on the assumption that the legitimate President of the real and original Freddie Fixer Parade, acting under Freddy Fixer, Inc., did not return phone calls at their request, and that the President of the Freddie Fixer Parade acting under Freddy Fixer, Inc., did not attend meetings that were scheduled by the organizers of the group "Elm City" Freddy Fixer Parade, prior to its election of officers, and that the meeting on **Wednesday, March 2, 2016** bears no legitimate or legal precedent. That those meetings included appointed members by the Mayor of the City of New Haven, Toni N. Harp with or without her approval.

That the President of the legitimate Freddie Fixer Parade Organization "Had No Obligation" to attend any meeting(s) other than the confirmed meeting that was scheduled by **Jennifer Pugh, Deputy Chief Administrative Officer for the City of New Haven, on or about February 4, 2016 for March 30, 2016. That an email sent to the President of the Freddie Fixer Parade, from Jennifer Pugh, confirmed so.**

That the "Elm City" Freddy Fixer Parade group in collaboration with Defendant, Jason Bartlett (City of New Haven Youth Coordinator) and Jacqueline James (Deputy Economic Development And Director of The Small Business Academy) acted outside of the instructions of the Mayor of the City of New Haven, to secure the **Floyd Little Athletic Center** for the legitimate Freddie Fixer Parade Organization to raise a percentage of the requested amount for the police overtime to cover the annual parade. That the Toni N. Harp Administration has failed to address any issue or concerns about previous invoices, nor did the legitimate Freddie Fixer Parade receive any invoices subsequent to 2011, requesting reimbursement for any costs of police overtime, and that the arrangements that were made with the previous administration only required **"A Good Faith Fundraising Effort"** for the legitimate Freddie Fixer Parade Organization, acting under **Freddy Fixer Inc.**, to satisfy any past due overtime invoices. That the Harp Administration has no evidence whatsoever, that a request was made or that a written agreement was in place to satisfy those police overtime costs, prior to the awarding of the Special Events License to the illegitimate "Elm City" Freddy Fixer Parade group.

That the President of the legitimate **Freddie Fixer Parade, acting under Freddy Fixer, Inc.,** attended the "Logistics" Meeting that was **"Confirmed"** on **February, 4, 2016 via Email**

**Confirmation From Deputy Chief Administrative Officer, Jennifer Pugh)** with the original **Freddie Fixer Parade Organization acting under, Freddy Fixer, Inc., on March 30, 2016, at 2:00 PM, In Meeting Room One (1)** and that repeated requests to the **Deputy Chief Administrative Officer of the City of New Haven, Jennifer Pugh,** by telephone and via email to confirm the awarding of the permit went unanswered. This email request was courtesy copied to, but not limited to several members of the New Haven Board of Alders, Including **Ward 29, Brian Wingate, Ward 27, Richard Furlow, and Ward 21, Brenda Foskey-Cyrus.)** That the President of the **Freddie Fixer Parade, acting under Freddy Fixer, Inc.,** never received confirmation from the **City of New Haven** despite numerous social media posts by the "Elm City" Freddy Fixer Parade, that the "Elm City" Freddie Fixer Parade had secured the "Permit" as was confirmed by **Defendant(s), Jason Bartlett** (Youth Coordinator of the City of New Haven) and **Jacqueline James** (Deputy Economic Development And Director of Small Business Academy,) **Defendant, Dexter Jones** (President of the "Elm City" Freddy Fixer Parade group), **and Defendant, Howard Boyd** (Vice-President of the "Elm City" Freddy Fixer Parade) **via a** newspaper publication in the **New Haven Register, on Friday, March 31, 2016 (Front Page,)** acknowledging the illegitimate group securing the **Special Event License** (Sic.)

      **Wherefore,** the plaintiff also alleges that some of the persons who participated in this election on **Wednesday, March 2, 2016,** were former volunteers of the Freddie Fixer Parade, acting under Freddy Fixer, Inc., but were not Board Members of Freddy Fixer, Inc., (Howard Boyd, Nina Silva, Helen Powell, Dominick Benjamin) and did not have the authority to participate and conduct such a meeting to vote on using the name "Freddie Fixer" or any paraphrase of the name "Freddy Fixer" regardless of how the prefix or suffix of the name is spelled.

The Defendants, in defiance of the **Federal Trademark Laws** within the United States, have made a baseless claim that by simply changing the spelling of the first name of "Freddie" from ("Ie") to ("Y") justifies that infringement under the law.

**Wherefore,** the Plaintiff also alleges, that despite having several conversations with the organizers (Jacqueline James, Dexter Jones and Jason Bartlett) of the "Elm City" Freddy Fixer Parade about the illegitimacy of the group, that the group continued to post messages on social media in regards to their weekly meetings and fundraising events, despite not having the appropriate non-profit status, and or bank accounts, and without authorization to use the name of "Freddy Fixer" to do so.

**Wherefore,** that in addition, the Freddie Fixer Parade Organization, acting under, Freddy Fixer, Inc., alleges that the **Mayor of the City of New Haven, Toni N. Harp,** her appointed officials, **Jason Bartlett (Youth Coordinator,) Jacqueline James (Deputy Economic Development And Director of Small Business Academy,) the "Elm City" Freddy Fixer Parade, its Officers and Committee Members,** have conspired to deprive the **Freddie Fixer Parade, acting under Freddy Fixer, Incorporated,** and that the Constitutional Rights under the 1st and 14th Amendments (28 U.S. C. A. Section(s) 1343(3) and 28 U.S.C.A. Section 1331 (1948.) were blatantly violated.

**Wherefore,** the Defendants' wrongful conduct, unless and until enjoined and restrained by order of this court, will cause further harm and irreparable injury to the **Freddy Fixer Parade Organization, acting under Freddie Fixer, Incorporated.** That the Plaintiff has no adequate financial remedy at law as a result of this infringement and injuries currently being suffered, and that the **Freddie**

11

**Fixer Parade, acting under Freddy Fixer, Incorporated,** find it impossible to determine the precise amount of damage that the **Freddie Fixer Parade, acting under Freddy Fixer, Inc.,** will continue to suffer if the Defendants' conduct is not restrained.

**Wherefore,** these actions have raised the potential to hold the Freddie Fixer Parade acting under Freddy Fixer, Inc., to a substantial amount of liability by the "Elm City" Freddy Fixer Parade group simply utilizing the name of "Freddy Fixer," a protected trademark name under common law, and without authorization from the legal entity of Freddy Fixer, Inc., That the **Freddie Fixer Parade, acting under Freddy Fixer, Inc.,** may be forced to institute a multiplicity of lawsuits to obtain adequate compensation for the injuries already suffered by the **Freddie Fixer Parade, acting under Freddy Fixer, Incorporated.**

For all of the forgoing reasons, the Plaintiff requests that the court grant this **Complaint for Injunction,** in favor of the Plaintiff for the following reasons:

1. For an order requiring the Defendants' to show cause, if any they have, why they should not be enjoined as hereinafter set forth, during the pendency of this action.
2. For a Temporary Restraining Order, a Preliminary Injunction, and a Permanent Injunction to include all enjoining Defendants, and each of them and all persons acting under, in concert with, or for them including any and all City of New Haven appointed officials or by the Mayor of the City of New Haven, Connecticut.
3. For damages in the sum of all monies acquired and received by the "Elm City" Freddy Fixer Parade from the blatant infringement of its name and from the fees from Registration Forms for the annual

Freddie Fixer Parade, by the usage of its name, and for all events associated with the name "Freddy Fixer."

4. For Attorney Fees herein incurred.

5. For costs of suit herein incurred.

6. For such other and further relief that the Court may deem proper and just.

So Ordered, this _____ Day of _____ 2016

_____
Maurice W. Smith, President, Freddie Fixer Parade, Freddy Fixer, Inc
PLAINTIFF
37 Blake Street New Haven, CT. 06511-2901
Tel. 203-558-0066

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Plaintiff's Complaint For Injunction was mailed / Emailed / Faxed To:

**Defendants:**
City of New Haven Corporation's Counsel, John Rose
City of New Haven Mayor Toni N. Harp
City of New Haven Deputy Economic Development and Director of Small Business, Jacqueline James
City of New Haven Youth Coordinator, Jason Bartlett
City of New Haven Deputy Chief Administrative Officer, Jennifer Pugh
"Elm City" Freddy Fixer Parade Officers and Board Members.

_____
Maurice W. Smith,
President, Freddie Fixer Parade
Freddy Fixer, Inc.
PLAINTIFF
37 Blake Street
New Haven, Connecticut, 06511- 2901
Tel. 203-558-0066
Fax. 203-306-4444
Email: Mparalegal@aol.com